# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| Timothy Young, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:17-cv-01897-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Levern Cohen, Warden, | ) | |
| Ridgeland Correctional Institution, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 24), filed on November 27, 2017, recommending that Petitioner's action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

The parties were advised of their right to file objections to the Report. (ECF No. 24-1). Petitioner filed a letter (ECF No. 26) with the court, but it did not address the Report.[1]

In the absence of objections to the Magistrate Judge's Report, this court is not required to

---

[1] Petitioner's letter was stylized as an Objection, but instead it is a request for "any and all papers that [he] may have been absent in filing, as [he[ may not have been aware[.]" (ECF No. 26 at 2.) Petitioner also states that he will appeal the decision to dismiss his case. (*Id.*)

1

provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. Petitioner did not respond to the Magistrate Judge's Order (ECF No. 21) directing him to respond to Defendant's Motion for Summary Judgment (ECF No. 20).[2] For this reason, the court **ACCEPTS** the Report (ECF No. 24), **DISMISSING WITH PREJUDICE** Petitioner's Petition (ECF No. 1) pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Therefore, Defendant's Motion for Summary Judgment (ECF No. 20) is **MOOT.**

---

[2] Petitioner includes an October 5, 2017 letter that he received from William Edgar Salter, III, Senior Assistant Attorney General, stating that he was being served with a copy of Defendant's Motion of Summary Judgment, Return and Memorandum of Law in Support of Motion for Summary Judgment with attachments, and a Certificate of Service. (ECF No. 26-1.)

# CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 28, 2018
Columbia, South Carolina